1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10   MELVIN THOMPSON,

11          Plaintiff,                                    Case No. 2:10-CV-01096-KJD-LRL

12   v.                                                   **ORDER**

13   STATE OF NEVADA, *et al.*,

14          Defendants.

15

16          Presently before the Court is Defendants' Motion to Dismiss (#7).  Plaintiff filed a response

17   in opposition (#10) and Countermotion to Amend (#11).[1] Defendants filed a reply (#12) in support of

18   their motion and in opposition to the countermotion to amend.  Plaintiff's Unopposed Motion to

19   Extend (#8) is **GRANTED nunc pro tunc**.

20          Defendants correctly assert that the first cause of action for retaliation for exercise of

21   Plaintiff's First Amendment right to free speech and third cause of action for Fourteenth Amendment

22   denial of due process must be dismissed because the State of Nevada has not waived its sovereign

23   immunity.  The Eleventh Amendment bars suits in United States Courts against states, and by

24   extension, state agencies.  See Bank of Lake Tahoe v. Bank of Am., 318 F.3d 914, 916-17 (9th Cir.

25

26
_____

[1]Plaintiff failed to attach a Proposed Amended Complaint in violation of Local Rule 15-1(a).

2002)(citing <u>Lapides v. Board of Regents</u>, 535 U.S. 613 (2002)).  If Plaintiff wishes to amend his complaint to assert a claim under 42 U.S.C. § 1983, he must name specific individuals who violated a constitutional right.  Further the complaint must assert that Plaintiff was disciplined for speech concerning a public, rather than private, matter.  Finally, to amend his complaint to state a claim for violation of due process, Plaintiff must specify facts describing how his right to due process was violated.  Plaintiff's mere legal conclusion that due process was violated will be insufficient to state a claim.

Finally, Plaintiff's second cause of action for retaliation under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000(e) fails to state a claim, because Plaintiff has not identified which protected category and conduct under Title VII caused Defendants to retaliate against him.  Title VII protects employees against discrimination based on an individual's race, color, religion, sex, or national origin.  It does not extend protection to discrimination against "whistleblowers."  If Plaintiff wishes to amend his complaint to assert a claim for retaliation under Title VII, he must assert facts showing that he was retaliated against in violation of Title VII.

Since leave to amend should be freely granted, Plaintiff's motion for leave to amend is granted.  However, failure to file the amended complaint curing the deficiencies noted will result in Plaintiff's complaint being dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#7) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Countermotion to Amend (#11) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff shall file his amended complaint within ten (10) days of the entry of this order, failure to do so will result in Plaintiff's action being dismissed with prejudice;

////

////

////

2

IT IS FURTHER ORDERED that Plaintiff's Unopposed Motion to Extend (#8) is **GRANTED nunc pro tunc**.

DATED this 21st day of March 2011.

_____
Kent J. Dawson
United States District Judge